IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

|                          |   |              |
|--------------------------|---|--------------|
| RODERICK CHAPMAN,        | ᵮ |              |
|                          | ᵮ |              |
|         Plaintiff,       | ᵮ |              |
|                          | ᵮ |              |
| vs.                      | ᵮ | No. 05-2848-Ml/V |
|                          | ᵮ |              |
| SHELBY COUNTY, et al.,   | ᵮ |              |
|                          | ᵮ |              |
|         Defendants.      | ᵮ |              |
|                          | ᵮ |              |

---

ORDER ASSESSING $250 CIVIL FILING FEE
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

---

Plaintiff Roderick Chapman, booking number 05115276, an inmate at the Shelby County Criminal Justice Complex ("Jail") in Memphis, Tennessee,[1] filed a pro se complaint pursuant to 42 U.S.C. § 1983 on October 18, 2005. The Clerk shall record the defendants as Shelby County;[2] Chief Robert Moore; Chief Coleman; Shelby County Sheriff Mark Luttrell; and Mr. Taven, who is employed by the Shelby County Correctional Center ("SCCC").

I.  Assessment of Filing Fee

Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(b), all prisoners bringing a civil action must pay

---

[1]    Plaintiff's RNI number is 24037.

[2]    The Court construes the plaintiff's allegations about the Jail as an attempt to assert a claim against Shelby County.

the full filing fee of $250 required by 28 U.S.C. § 1914(a). The in forma pauperis statute, 28 U.S.C. § 1915(a), merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, plaintiff has properly completed and submitted an in forma pauperis affidavit and a certified copy of his trust fund account statement. Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that the plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to the plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from the plaintiff's account and pay to the Clerk of this Court

monthly payments equal to twenty percent (20%) of all deposits credited to plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $250.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify plaintiff's name and the case number on the first page of this order.

If plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined he shall provide the officials at the new prison with a copy of this order.

If the plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the Jail Director to ensure that the custodian of the

3

plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

The obligation to pay this filing fee shall continue despite the immediate dismissal of this case. 28 U.S.C. § 1915(e)(2). The Clerk shall not issue process or serve any papers in this case.

II. <u>Analysis of Plaintiff's Claims</u>

The complaint in this case, which consists of the form complaint for actions pursuant to 42 U.S.C. § 1983 and several other pages that may or may not be related, is not very clear. Although the plaintiff is an inmate at the Jail, he complains he is being housed at building "QE" at the SCCC, along with other inmates whose security classifications range from 2 to 7.[3] The plaintiff asserts that that housing arrangement is a health hazard due to overcrowding, a potential fire hazard, and a security risk. Plaintiff also asserts that Aramark, which is not a party to this action, and the Jail are supposed to feed inmates three hot meals daily, but inmates receive "ice cold meat[,] coolie[s,] craker[s,] [sic] and Kool-Aid." Plaintiff also contends inmates in Q Building are fed pork although the contract with Aramark prohibits the serving of pork to inmates. Plaintiff also alleges that indigent inmates at the Jail are charged for medical treatment and pills, although he does not allege that he was charged for medical

---

[3]     The complaint contains no information about the plaintiff's security classification. According to the Jail's website, there are charges pending against the plaintiff in the Shelby County Criminal Court for aggravated assault and burglary of a building. There are also charges pending against the plaintiff in the Shelby County General Sessions Court for unlawful possession of a weapon, possession of drug paraphernalia, burglary of a building, aggravated assault, and walking along a roadway.

treatment or that he did not receive necessary medical treatment because he was unable to pay.

The form complaint seeks the plaintiff's release from prison, payment for every day he has been incarcerated on allegedly false charges, and the return of his driver's license.

The attachments to the complaint are not referred to in the text of the complaint. The first page, a copy of a complaint the plaintiff filed against a Shelby County General Sessions Court judge on August 17, 2005, seems to have no relevance to the subject matter of this action. The next two pages are portions of a narrative relating to other issues concerning the plaintiff's treatment at the Jail and the SCDC, including unclear allegations about a threat to place him in the hole, problems concerning the scheduling of medical visits and an x-ray, and physical injuries that were allegedly incurred during the plaintiff's arrest, including being forced to swallow glass. The final three pages purport to be a roster of the inmates housed at the QE Building at the SCCC in August 2005, and the back of one of those pages contains a love note to some unnamed person.

The Sixth Circuit has held that 42 U.S.C. § 1997e(a) requires a district court to dismiss a complaint without prejudice whenever a prisoner brings a prison conditions claim without demonstrating that he has exhausted his administrative remedies. Brown v. Toombs, 139 F.3d 1102 (6th Cir. 1998); see Porter v. Nussle, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and

5

whether they allege excessive force or some other wrong."); <u>Booth v. Churner</u>, 532 U.S. 731 (2001) (prisoner seeking only money damages must exhaust administrative remedies although damages are unavailable through grievance system). This requirement places an affirmative burden on prisoners of pleading particular facts demonstrating the complete exhaustion of claims. <u>Knuckles El v. Toombs</u>, 215 F.3d 640, 642 (6th Cir. 2000). To comply with the mandates of 42 U.S.C. § 1997e(a),

> a prisoner must plead [his] claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.

<u>Id.</u> at 642; <u>see also</u> <u>Boyd v. Corrections Corp. of Am.</u>, 380 F.3d 989, 985-96 (6th Cir. 2004) (describing the standard for demonstrating exhaustion when prison officials fail to respond in a timely manner to a grievance), <u>cert. denied</u>, 125 S. Ct. 1639 (2005); <u>Baxter v. Rose</u>, 305 F.3d 486 (6th Cir. 2002) (prisoner who fails to allege exhaustion adequately may not amend his complaint to avoid a <u>sua sponte</u> dismissal); <u>Curry v. Scott</u>, 249 F.3d 493, 503-04 (6th Cir. 2001) (no abuse of discretion for district court to dismiss for failure to exhaust when plaintiffs did not submit documents showing complete exhaustion of their claims or otherwise demonstrate exhaustion). Furthermore, § 1997(e) requires the prisoner to exhaust his administrative remedies before filing suit and, therefore, he cannot exhaust those remedies during the pendency of the action. <u>Freeman v. Francis</u>, 196 F.3d 641, 645 (6th Cir. 1999). Finally, the Sixth Circuit recently held that district

courts are required to dismiss a complaint in its entirety, pursuant to 42 U.S.C. § 1997e(a), that contains any unexhausted claims. <u>Jones Bey v. Johnson</u>, 407 F.3d 801, 805-09 (6th Cir. 2005).

In this case, the plaintiff has not satisfied his burden of demonstrating, through particularized averments, that he has exhausted the administrative remedies for his claims. No copies of grievances, or responses to grievances, are attached to the complaint. Although the complaint avers generally that "I filled out [a] grievance to the grievance board that they sent it back saying it was not grievalbe [sic] so I decided to go ahead [and] filed this lawsuit," these conclusory allegations are insufficient to demonstrate with specificity the plaintiff's compliance with § 1997e(a) given the large number of claims involved. The complaint also fails to allege that the plaintiff exhausted his claims against the individual defendants, as required by <u>Moorer v. Price</u>, 83 Fed. Appx. 770, 772 (6th Cir. Dec. 9, 2003) (plaintiff did not exhaust claim against warden because his grievance did not identify the warden or articulate any claim against her); <u>Thomas v. Woolum</u>, 337 F.3d 720, 733-34 (6th Cir. 2003); and <u>Curry</u>, 249 F.3d at 504.

The Sixth Circuit has stated that "[a] plaintiff who fails to allege exhaustion of administrative remedies through 'particularized averments' does not state a claim on which relief may be granted, and his complaint must be dismissed <u>sua sponte</u>." <u>Baxter</u>, 305 F.3d at 489. Moreover, pursuant to the recent decision in <u>Jones Bey</u>, a district court must dismiss any complaint that contains unexhausted claims rather than attempting to sever the

exhausted claims.[4] Accordingly, the Court DISMISSES the complaint, without prejudice, pursuant to 42 U.S.C. § 1997e(a).[5]

III. Appeal Issues

The next issue to be addressed is whether plaintiff should be allowed to appeal this decision in forma pauperis. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. Accordingly, it would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, yet has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

---

[4]    It appears unlikely that the complaint can be construed to assert claims about the allegedly false criminal charges on which the plaintiff is being held, because none of the named defendants is responsible for the state-court prosecutions involving the plaintiff. Assuming, arguendo, that the complaint asserts any such claims, § 1997e(a) is inapplicable because the claims do not concern "prison conditions." Nonetheless, because those claims are included in the complaint containing unexhausted claims that are subject to § 1997e(a), they must be dismissed pursuant to Jones Bey.

[5]    As the Sixth Circuit has explained, "If the plaintiff has exhausted his administrative remedies, he may always refile his complaint and plead exhaustion with sufficient detail to meet our heightened pleading requirement, assuming that the relevant statute of limitations has not run." Baxter, 305 F.3d at 489.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith and plaintiff may not proceed on appeal <u>in forma pauperis</u>.

The final matter to be addressed is the assessment of a filing fee if plaintiff appeals the dismissal of this case.[6] In <u>McGore v. Wrigglesworth</u>, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the PLRA. Therefore, the plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in <u>McGore</u> and § 1915(b).

IT IS SO ORDERED this 31st day of January, 2006.


　　　　　　　　　　　　　　　　　 /s/ Jon P. McCalla
　　　　　　　　　　　　　　　　　 JON PHIPPS McCALLA
　　　　　　　　　　　　　　　　　 UNITED STATES DISTRICT JUDGE

---

[6]　　　Effective November 1, 2003, the fee for docketing an appeal is $250. <u>See</u> Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

　　　Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance, of an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.